# THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LEON WEINGRAD, individually and on behalf of all others similarly situated,<br><br>            Plaintiff,<br>v.<br><br>DAVID DIXON<br><br>            Defendant. | Case No.<br><br>2:24-CV-03705<br><br>**JURY TRIAL DEMANDED** |

## PLAINTIFF'S MOTION AND BRIEF IN SUPPORT OF MOTION FOR DEFAULT JUDGMENT

Plaintiff Leon Weingrad respectfully moves, under Fed. R. Civ. P. 50(b)(2), for a default judgment against Defendant David Dixon.

### I.   STATEMENT OF FACTS

Liability: The Plaintiff in this case, Leon Weingrad, received seventeen calls, consisting of 10 text messages and 7 calls, to his personal telephone number, 267-XXX-XXXX, which was listed on the National Do Not Call Registry. Am. Compl. ¶ 16, 23 ECF No. 3. Defendant David Dixon was an individual hired by the previous Defendant in this matter, Westmount Funding d/b/a Max Funding Group, to send calls and text messages for Westmount's business loan services. Am. Compl. ¶ 23-24, ECF No. 3. Westmount used the Defendant's telemarketing services, provided by the Defendant and whereby the Defendant personally made calls, to market Westmount's business loan services, including to persons, like Plaintiff, who have not consented to receive such solicitations and who asked them to stop. *Id.* ¶ 21, 27, 32. Plaintiff has pled that the Defendant called the Plaintiff 17 times despite his number being on the National Do Not Call Registry. Am. Compl. ¶ 16, 23 ECF No. 3.

Jurisdiction: Defendant David Dixon is subject to specific personal jurisdiction in Pennsylvania because he directed his conduct into Pennsylvania by calling a Pennsylvania area code telephone number and Pennsylvania resident. Am. Compl. ¶ 6, 8–9.

Injury: The Plaintiff did not consent to these calls. Am. Compl. ¶ 21, 32. To the contrary, Plaintiff placed his number on the Do Not Call Registry. Am. Compl. ¶ 16. Plaintiff found the calls invasive of his privacy, annoying, and harassing. *Id*. ¶ 41.

Damages: Damages for violations of the TCPA are set by statute at $500 per violation, which can be up to trebled if the Court finds the conduct to be knowing and/or willful *Perrong v. Atom Property Sol's, LLC*, No. 2:22-cv-02000-MMB, ECF No 10, at *1 (E.D. Pa. Nov. 30, 2022) (nearly identical motion as here); *Perrong v. MLA Int'l, Inc.*, No. 6:20-CV-1606-RBD-EJK, 2022 WL 1238603, at *1 (M.D. Fla. Mar. 2, 2022), report and recommendation adopted in part, rejected in part, No. 6:20-CV-1606-RBD-EJK, 2022 WL 1238609 (M.D. Fla. Mar. 18, 2022); *Perrong v. Tranzvia, LLC*., Civ. No. 2:17-cv-03664, at *1 (E.D. Pa. Apr. 5, 2018). To demonstrate that the conduct was knowing and/or willful, the Plaintiff need merely prove that the defendant acted voluntarily and under its own free will, regardless of whether the defendant knew it was acting in violation of the statute. *Charvat v. Ryan*, 116 Ohio St. 3d 394 (Ohio 2007), *quoting* 47 U.S.C. § 312(f)(1). A more explicit calculation will follow in the following sections. However, Plaintiff alleges that, of the seventeen (17) known calls by Defendant to Plaintiff:

- 17 were telemarketing calls to a number on the Do-Not-Call Registry. 47 U.S.C. § 227(c)(5), 47 C.F.R. § 64.1200(c)(2).

Therefore, Plaintiff is entitled to $25,500 for statutory violations, plus his $405 filing fee for a grand total of $25,905.

Posture: On August 13, 2024, Plaintiff filed his amended class action complaint against Defendant, alleging violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, and regulations promulgated thereunder. ECF No. 3. On December 2, 2024, Plaintiff moved for entry of default against Defendant. ECF No. 8. On December 2, 2024, default was entered against Defendant. Defendant did not respond to the Complaint. This motion now follows. Plaintiff now moves for default judgment under Rule 50(b)(2) of the Federal Rules of Civil Procedure.

## II. ARGUMENT AND AUTHORITIES

Fed. R. Civ. P. 55(b)(2) permits a court to enter a final judgement in a case following a defendant's default. It is well settled in this Circuit that the entry of a default judgement is left primarily to the discretion of the district court. *Tozer v. Charles A. Krause Milling Co.,* 189 F.2d 242, 244 (3d Cir. 1951). As a threshold matter, a court must confirm that it has subject matter jurisdiction over the case and personal jurisdiction over the parties, ensure the Plaintiff has pled a cognizable claim, and ensure the defendant had a fair notice of their opportunity to object. *See, e.g.*, *Ramada Worldwide Inc. v. Benton Harbor Hari Ohm, L.L.C.*, Civ. No. 05-3452 at *9 (D.N.J. July 31, 2008). For the reasons set forth below, these threshold conditions are met, and default judgment is warranted.

### A. This Court Should Dismiss the Class Action Claims Without Prejudice

As a threshold matter, it should be noted that the Plaintiff initiated this case as a putative class action. However, owing to the fact that the Defendant "spoofed" some of the Caller ID records at issue here, the Plaintiff is unable to even seek third-party discovery from a telephone service provider whereby the Plaintiff can even begin to ascertain class data. As a result, the Plaintiff has not yet moved for class certification and does not presently plan to move for class

3

certification given the posture of this case. It is a prerequisite to seeking a classwide default judgment that a plaintiff move for class certification under Rule 23 and give appropriate notice to the putative class under Rule 23(c)(2) prior to seeking a classwide default judgment. *Heinz v. Dubell Lumber Co.*, No. 19cv8778, 2020 WL 6938351, at *8 (D.N.J. Nov. 25, 2020) (certifying default judgment class but denying default judgment because "Plaintiff has not sent notice to the proposed class members, and therefore by entering a default judgment, this Court would be binding persons whose rights are at issue without first giving them proper notice").

As such, a Plaintiff seeking a default judgment in a class action can proceed either by attempting to certify a class against an absent defendant, provided that discovery into Rule 23's requirements is obtainable from another source so as to meet the plaintiff's burden at class certification, or seek to dismiss the class claims and proceed to obtain an individual default judgment. *See Deluca v. Instadose Pharma Corp.*, No. 2:21-CV-675, 2023 WL 5489032, at *9 (E.D. Va. Aug. 24, 2023) ("Courts have broadly held that default judgment cannot be entered in a class action until a Rule 23(c)(2) notice is issued."). In other words, a plaintiff asserting a class action where the defendant has not appeared and is in default, broadly speaking, has two options: either voluntarily dismiss the putative class claims without prejudice and seek an individual default judgment, or seek and obtain class certification and obtain a classwide default judgment upon giving proper notice to the certified class. *See Davis v. Hutchins*, 321 F.3d 641, 648 (7th Cir. 2003). Class damages, even on a default judgment, cannot be awarded if no class is certified, because it is axiomatic that classwide relief "cannot be granted to a class before an order has been entered determining that class treatment is proper." *Davis v. Romney*, 490 F.2d 1360, 1366 (3d Cir. 1974).

As such, the Plaintiff respectfully seeks leave of the Court to dismiss the class action claims in the complaint, without prejudice, so that he can proceed to file this motion for default judgment as an individual default. No rights of any putative class members would be affected by this dismissal, as no class has yet been certified, and presumably another class member could file and assert class action claims and then seek certification of those claims. *See, e.g.*, *Fuentes v. Jiffy Lube Int'l, Inc.*, No. 2:18-CV-5174, 2024 WL 2723840, at *4 (E.D. Pa. May 28, 2024) ("For a class action to have preclusive effect and bind absent class members, a class must first be certified."); *Larkin Gen. Hosp., Ltd. v. Am. Tel. & Tel. Co.*, 93 F.R.D. 497, 502 (E.D. Pa. 1982) (holding dismissal of class action did not prejudice absent class members at the *pre-certification* stage when no class was certified).

### B. The Court Has Jurisdiction and Service of Process Was Proper

The Court has federal-question subject matter jurisdiction over Plaintiff's TCPA claims and specific personal jurisdiction over Defendant. Further, Defendant was duly served with process in accordance with the requirements of Fed R. Civ. P. 4.

#### i. Subject Matter Jurisdiction

This Court has federal-question subject matter jurisdiction over the Plaintiff's TCPA claims pursuant to 28 U.S.C. § 1331 because the TCPA is a federal statute. *Mims v. Arrow Fin. Servs., LLC*, 565 U.S. 368, 372 (2012).

#### ii. Personal Jurisdiction

There exist two types of personal jurisdiction: general and specific. Specific personal jurisdiction exists when the defendant has "purposefully directed his activities at residents of the forum and the litigation results from alleged injuries that arise out of or related to those

5

activities." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985). General personal jurisdiction exists when the defendant's contacts with the forum, whether or not related to the litigation, are "continuous and systematic." *Helicopteros Nacionales de Colombia v. Hall*, 466 U.S. 408, 416, 104 S.Ct. 1868, 80 L.Ed.2d 404 (1984).

The court has *specific* jurisdiction over Defendant because the constitutional requirements of purposeful direction and fair play are satisfied. Where no applicable federal statute addresses the issue (as is the case here), the district court "asserts personal jurisdiction over non-resident defendants to the extent permissible under the law of the state where the district court sits." *Pennzoil Products Co. v. Colelli Associates*, 149 F.3d 197 (3d Cir. 1998). Under Pennsylvania's long-arm statute, personal jurisdiction over a non-resident Defendant is permitted "to the fullest extent allowed under the Constitution of the United States." 42 Pa.C.S.A. § 5322(b); *Renner v. Lanard Toys Ltd.*, 33 F.3d 277 (3d Cir. 1994).

The due process limit to the exercise of personal jurisdiction is defined by a two-prong test. First, the defendant must have made constitutionally sufficient "minimum contacts" with the forum. *Burger King Corp*. Second, if "minimum contacts" are shown, jurisdiction may be exercised where the court determines, in its discretion, that to do so would comport with "traditional notions of fair play and substantial justice," i.e., is reasonable. *International Shoe Co. v. Washington*, 326 U.S. 310 (1945).

Plaintiff's pleadings show that both these elements are satisfied to meet the requirements for asserting specific personal jurisdiction over Defendant. First, Defendant has "minimum contacts" with the forum. The "minimum contacts" test is satisfied by "some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum

State, thus invoking the benefits and protections of its laws." *Hanson v. Denckla*, 357 U.S. 235, 253 (1958); *Walden v. Fiore*, 134 S. Ct. 1115, 1122 (2014).

Courts have repeatedly held where a defendant makes a call or sends a message into the forum state in violation of the TCPA, this action alone is sufficient to confer specific jurisdiction over the defendant. *See Rinky Dink Inc. v. Elec. Merch. Sys. Inc.*, No. C13-1347-JCC, 2014 WL 5880170, at *3 (W.D. Wash. Sept. 30, 2014) (finding express aiming where defendant transmitted calls to telephone numbers with Washington area codes, even if at the direction of another party); s*ee also Abramson v. CWS Apartment Homes, LLC*, No. CV 16-426, 2016 WL 6236370, at *4 (W.D. Pa. Oct. 24, 2016) (holding Pennsylvania has an interest in protecting its citizens from harm inflicted by nonresidents and holding that sending a text message to a Pennsylvania area code would make the exercise of specific personal jurisdiction reasonable).

Plaintiff has alleged precisely that the Defendant sent its messages into Pennsylvania, to Pennsylvania area codes, to numbers registered in Pennsylvania. Am. Compl. ¶ 5, 6, 8, 16. By sending calls to the Plaintiff at his 267- area code number, Defendant "expressly aimed their conduct at Pennsylvania" because the 267- area code is associated with the State of Pennsylvania. *Abramson v. Caribbean Cruise Line, Inc.*, No. 2:14-CV-00435, 2014 WL 2938626, at *8 (W.D. Pa. June 30, 2014) (quoting *Marten v. Godwin*, 499 F.3d 290, 298 (3d Cir. 2007)).

Turning next to the "reasonableness" prong, requiring Defendant to defend in Pennsylvania is not unreasonable. After sufficient minimum contacts are found, it becomes the defendant's burden to "present a compelling case that the presence of some other considerations would render jurisdiction unreasonable." *Burger King*, 471 U.S. at 477. Defendant has failed to

carry this burden as the Defendant is in default. Accordingly, personal jurisdiction over the Defendant is proper.

    iii.    **Service of Process**

Under the Federal Rules of Civil Procedure, Defendant David Dixon was properly served with process and therefore had the opportunity to respond but did not. Under Fed. R. Civ. P. 4(e)(2)(A), an individual may be served by "leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there." Here, on August 15, 2024, the Plaintiff's process server served the complaint, summons and other initiating papers on Mr. Dixon's wife at his house, who confirmed that Mr. Dixon was home but was sleeping. Thus, Plaintiff effected service under Rule 4(e)(2)(A).

    iv.    **Personal Liability**

This case arises out of the Federal Telephone Consumer Protection Act of 1991, as amended. The TCPA is part of the Communications Act of 1934, as amended, and the Communications Act contains a *respondeat superior* provision. *See* 47 U.S.C. § 217 ("[T]he act, omission, or failure of any officer, agent, or other person acting for or employed by any common carrier or user, acting within the scope of his employment, shall in every case be also deemed to be the act, omission, or failure of such carrier or user *as well as that of the person*.") (emphasis added). This provision applies when "construing and enforcing the provisions of the Communications Act," of which the TCPA is a part. *Reynolds Corp. v. National Operator Services, Inc.*, 73 F. Supp. 2d 299, 305 (W.D.N.Y. 1999).

As the individual owner of a telemarketing business operating under his own name, Dixon was clearly acting "within the scope of his employment" when he orchestrated the placing

of the calls to Plaintiff. Specifically, he personally orchestrated the calling conduct at issue because he does not and did not operate under a corporation or make use of any corporate form. Am. Compl. ¶ 24, 28, ECF No. 3. In TCPA cases such as this, courts have upheld personal liability against the individual Defendant. *See Jackson's Five Star Catering, Inc. v. Beason*, No. 10-10010 (E.D. Mich. Nov. 8, 2013) (granting plaintiff's motion for summary judgement where the record contained no dispute that the individual corporate officer participated in the payment of and authorization for the fax ads). *See also MLA Int'l, Inc.*, 2022 WL 1238603, at *2–3 (imposing individual liability). Indeed, "If an individual acting on behalf of a corporation could avoid individual liability, the TCPA would lose much of its force." *Maryland v. Universal Elections*, 787 F. Supp. 2d 408, 416 (D. Md. 2011).

### C. The Balance of Factors Weighs in Favor of a Default

It is clear that the balance of factors surrounding Defendant's opportunity to object weighs in favor of a default. Plaintiff would be prejudiced without a default. Furthermore, because Defendant has not responded, the Court is unable to consider neither the existence nor lack of meritorious defenses, so this factor also weighs in Plaintiff's favor. Finally, by refusing to participate in any way in court proceedings, Defendant has demonstrated the culpability necessary for his failure to respond to weigh against him.

#### i. Without Default, Plaintiff Will be Denied Relief

In considering a default judgment motion, the court must consider if the complaint is well-pled and has a sufficient basis in law. *See Frazier v. Absolute Collection Serv., Inc.*, 767 F. Supp. 2d 1354, 1362 (N.D. Ga. 2011). The court must also consider the prejudice suffered by the party seeking default judgement. *Emcasco Ins. Co. v. Sambrick*, 834 F.2d 71, 74 (3d Cir. 1987). Plaintiff has been prejudiced by Defendant's failure to respond by being prevented from

prosecuting his case, engaging in discovery, and seeking relief in the normal course. *Pension Fund of Philadelphia & Vicinity v. Am. Helper, Inc.*, Civ. No. 11-624, (D.N.J. Oct. 5, 2011).

Here, Defendant was made aware of its unlawful conduct when he were served and by virtue of pre-suit communications with the previous Defendant, all of which went ignored. Nevertheless, Defendant has failed to appear and defend against this action. In the absence of a default judgment, Plaintiff will be unfairly prejudiced because he will be unable to obtain a decision on the merits and will be effectively denied all relief. Finally, "the TCPA expressly provides for the award of statutory damages, which further supports a finding that [the p]laintiff will be unfairly prejudiced (and [the d]efendant's conduct will not appropriately be deterred) if default judgment is not entered." *Righetti v. Auth. Tax Servs., LLC,* Civ. No. C-14-0146-EMC, at *6 (N.D. Cal. Jul. 6, 2015). For these reasons, this factor weighs in favor of Plaintiff.

    ii.    **Defendant has no Meritorious Defense**

In seeking a default judgment, the lack of a defense weighs in favor of Plaintiff. Because the Defendant did not respond, the Court cannot determine whether or not the Defendant had meritorious defenses that are not reflected in the record. The Court must therefore conclude that Defendant has no meritorious defense. The lack of any support for a meritorious defense is sufficient to warrant default judgment. *See United States v. $55,518.05 in U.S. Currency*, 728 F.2d 192 (3d Cir. 1984) (holding that the threshold issue in assessing default judgement is the presence of a *prima facie* case for a meritorious defense). Since there is no possibility for litigation on the merits or the consideration of possible defenses, the court must weigh this factor in favor of the Plaintiff.

### iii. **Defendant is Culpable for his Conduct**

The standard for culpability is "willfulness" or "bad faith" on the part of the defendant. *Hritz v. Woma Corp.*, 732 F.2d 1178 (3d Cir. 1984). "[M]ore than mere negligence [must] be demonstrated." *Id*. at 1183. "Reckless disregard for repeated communications from plaintiffs and the court . . . can satisfy the culpable conduct standard." *Id*.; *see also Nationwide Mut. Ins. Co. v. Starlight Ballroom Dance Club, Inc.*, Civ. No. 05-1031, *3 (3d Cir. March 14, 2006). Courts in this circuit have found lack of culpability only where the mistakes were innocent, accidental or somehow excusable. *Emcasco*, at *75 (finding no culpability where the defendant was not notified of a court conference, he was only given two days to give an answer, and his counsel was misinformed about what was required). Defendant's failure to answer, despite adequate service and actual knowledge of the lawsuit, evidences him culpability in his default. Accordingly, this weighs in favor of Plaintiff.

### D. **The Complaint Sufficiently Pleads a Cause of Action and Damages are Proven**

The pleading clearly meets all the standards for legal sufficiency under Rule 8 and clearly outlines the conduct alleged and the basis for alleging it. The damages sought by Plaintiff of $25,905, are both reasonable and fair given the circumstances and facts of the case.

### i. **Legal Sufficiency**

Default judgment is favored where the complaint sufficiently states a claim for relief under the liberal pleading standards embodied in Rule 8 of the Federal Rules of Civil Procedure. The Court must accept all well-pleaded factual allegations in a complaint as true, except as to damages. *Chanel, Inc. v. Gordashevsky*, 558 F. Supp. 2d 532, 535 (D.N.J. 2008). In the pre-discovery phase, general allegations in a TCPA case are sufficient. *Robbins v. Coca-Cola-Co.*, No. 13-CV-132-IEG(NLS) (S.D. Cal. May. 22, 2013). Here, Plaintiff has alleged and supported

his TCPA claims with more than adequate specificity. *Compare* Am. Compl. ¶ 10-33 (date, caller IDs, called number, and whether or not the called number was on the National Do Not Call Registry) *with*, e.g., *Frischberg v. Glob. Serv. Grp., LLC*, No. 1:17-cv-4449 (NLH/KMW) (D.N.J. Jul. 18, 2018); *Righetti v. Auth. Tax Servs., LLC*, No. C-14-0146 EMC (N.D. Cal. Jul. 6, 2015).

In particular, Plaintiff has adequately and specifically stated claims for:

- Placing telemarketing calls to a number on the Do-Not-Call Registry. 47 U.S.C. § 227(c)(5), 47 C.F.R. § 64.1200(c)(2); Am. Compl. ¶ 49-53.

The elements of this claim are: (1) the defendant called a private telephone number; (2) registered on the National Do Not Call Registry; (3) at least twice in any 12-month period; (4) for initiating any telephone solicitation. 47 C.F.R. § 64.1200(c)(2); 47 U.S.C. § 227(c)(5).

Plaintiff's Amended Complaint pleads each element of this claim:

(1.a) Defendant called Plaintiff's private residential telephone number, Am. Compl. ¶ 16;

(2.a) registered on the National Do Not Call Registry, *id*. ¶ 16;

(3.a) at least twice in any 12-month period, *id*. ¶ 23;

(4.a) for the purpose of initiating any telephone solicitation, *id.* ¶ 23, 27, 28.

    ii.    **Damages are Appropriate for Default Judgment**

"[T]he sum of money at stake in [a TCPA] action is particularly appropriate for resolution on default judgment because TCPA damages are specifically set by statute." *Auth. Tax Servs.*, at *7. The general rule is that cases seeking statutory damages are well-suited to default judgment, even without a hearing. *DIRECTV, Inc. v. Huynh*, 318 F. Supp. 2d 1122, 1126 (M.D. Ala. 2004); *accord Frazier*, 767 F. Supp. 2d at 1365.

Thus, in TCPA cases, a six-figure demand does not cause the sum-at-stake to weigh against granting default judgment. In fact, courts around the country have granted six and even seven-figure default judgments in TCPA cases. *See* e.g., *Cunningham v. Select Student Loan Help, LLC*, Civ. No. 3:15-cv-00554, at *1 (M.D. Tenn. July 16, 2018) ($249,000); *Cunningham v. Enagic USA, Inc.*, Civ. No. 15-00847, at *1-2 (Jan. 16, 2018 M.D. Tenn.), ECF No. 274 ($259,500); *Tranzvia*, *LLC*., at *1 ($45,000).

The statutory penalty for a TCPA violation is $500 for each *violation* of section (b), section (c), or both sections. These damages can be up to trebled to $1,500. *Charvat v. NMP, LLC*, 656 F.3d 440 (6th Cir. 2011). (Holding that a plaintiff can recover for multiple violations under sections 227(b)(3) and section 227(c)(5) even if multiple violations arose from the same call).

Plaintiff pleads that he received seventeen calls. As outlined above, each call constitutes a violation of subsection (c) of the TCPA as codified at 47 C.F.R. 64.1200(c)(2), for calling a number on the national DNC registry, and entitles Plaintiff to an award of $1,500 for each violation, or $25,500.

Courts have routinely awarded treble damages in assessing TCPA damages arising from defaults. In fact, courts have routinely awarded treble damages when the Plaintiff pleads a revocation of consent, as here. *Mabeza v. Ashfield Mgmt. Servs., LLC*, Civ. No. 17-cv-1946-AJB-KSC, (S.D. Cal. Mar. 20, 2018). *A fortiori,* therefore, when there was no consent to begin with, and given requests to stop calling, as in this case, treble damages are appropriate to deter further illegal telemarketing. Intent to violate the statute is not required for treble damages. *Alea London Ltd. v. Am. Home Servs.*, 638 F.3d 768, 776 (11th Cir. 2011). (Holding that malice and wantonness are not required for treble damages in a TCPA action). So long as the Defendant knows the facts underlying the offense, it can be held liable for treble damages—ignorance of the

law is no excuse. *Charvat v. Ryan*, 879 N.E.2d 765, 767 (Ohio 2007). That is so even when the defendant made just one illegal call and made a good-faith attempt to comply with the law. *Id.* at 768. The calls invaded Plaintiff's privacy and were frustrating, annoying, and obnoxious. On a motion for default judgment in a TCPA case, a Plaintiff's "burden to prove up the amount of damages is minimal because the TCPA provides for the award of statutory damages." *Auth. Tax Servs.,* at *8. This conclusion is unchanged by the number of calls for which damages are sought. *Id*. at *9. Essentially, what matters is whether the *prima facie* elements are pled for each violation, as they are here, and not the number of violations.

In addition, the Plaintiff paid the $405 filing fee, which he is entitled to recover as a taxable cost as a prevailing party under 28 U.S.C. § 1920(1). Therefore, Plaintiff seeks a total judgment of $25,905. Given the foregoing, Plaintiff requests damages be calculated according to the above case precedent and prays that judgement be entered in the amount of $25,905.

## **CONCLUSION**

Defendant decided to make telemarketing calls to Plaintiff (to a number listed on the National Do Not Call Registry, no less) without his consent. Defendant decided not to defend this lawsuit. Accordingly, entry of default judgment against Defendant is appropriate. Plaintiff Leon Weingrad respectfully prays for an award of $25,905, plus any other relief that the court deems just and proper.

RESPECTFULLY SUBMITTED AND DATED this February 27, 2025.

                                     */s/ Andrew Roman Perrong*
                                     Andrew Roman Perrong, Esq.
                                     E.D. Pa. # 333687
                                     Perrong Law LLC
                                     2657 Mount Carmel Avenue

>Glenside, Pennsylvania 19038
>Phone: 215-225-5529 (CALL-LAW)
>Facsimile: 888-329-0305
>a@perronglaw.com

## CERTIFICATE OF SERVICE

I certify that I filed the foregoing via ECF on the below date, which will automatically send a copy to all attorneys of record on the case.

I further certify that I mailed a copy of the foregoing to:

David Dixon
435 Franklin Avenue
Hewlett, NY 11557


Dated: February 27, 2025

>*/s/ Andrew Roman Perrong*
>Andrew Roman Perrong, Esq.
>E.D. Pa. # 333687
>Perrong Law LLC
>2657 Mount Carmel Avenue
>Glenside, Pennsylvania 19038
>Phone: 215-225-5529 (CALL-LAW)
>Facsimile: 888-329-0305
>a@perronglaw.com